Your Honor, Frederick Douglass with Federal Express Corporation. I understand Mr. McCoy did not arrive today. And we apologize that you came all the way from Memphis, Tennessee, and we will give you the option of arguing if you'd like, or we would be happy to submit the case on the briefs as well. Well, Your Honor, I'm here, and if it would please the Court, I will not take up too much of the Court's time. There's just basically three things I'd like to address with the Court. Number one, I'd like to address that the Court does not have jurisdiction over this matter. Number two, this matter is moot. And number three, even if we set aside issues number one and two that I will address, the district court absolutely correctly made the decision to grant Federal Express interpleater relief. I'm curious about – I think we're all curious about the jurisdiction issue, because if you're right about that, then we can't proceed any further. So tell us why you think we lack jurisdiction. Yes, Your Honor. The Court lacks jurisdiction because at the time that the district court entered the interpleater order, the district court did not rule on all of the claims at that time. Specifically, all the district court did was say there will be an interpleater process, because in the case of Mr. McCoy, he filed a lien against his former clients. There were also other claim holders. Specifically, one of Mr. McCoy's prior partners was a lien holder. There were also a prior law firm that was a lien holder, I believe, at this time. So there were competing lien holders attempting to obtain funds from Federal Express. But you don't dispute, do you, that the case has now been terminated, that all of those claims have been adjudicated? I will agree with the Court that all of the issues as it pertains to Federal Express were moot, and I'll be more than happy to address the mootness issue as well. So the question would be, even if we didn't have jurisdiction, even if it was interlocutory when the district court made that order and when he filed his appeal, but now if it's final and all the interplaid funds are dispersed and there's nothing left of the case, does that cure that interlocutory nature so it's now final and we can now proceed to hear it? Well, Your Honor, it's my understanding that the issue of mootness is certainly tied to the issue of jurisdiction. If a dispute is moot, this Court is not supposed to give advisory opinions. This Court is not supposed to give legal advice to the parties. Why is it moot? Well, it's moot, Your Honor, for a number of reasons. Number one, the order that Mr. McCoy challenges has some very interesting language from the district court. Specifically, the district court said, until the court issues a final order regarding McCoy's and Parker's fee awards, the court cannot make a determination about whether plaintiffs must pay a contingent or quantum merit fee to the former attorneys. Later on in the year, this order was issued by the district court on February 4, 2011. In August of 2011, the district court issued a fee petition, a fee petition addressing whether or not specifically Mr. McCoy had a right to statutory fees for the work that he did for Mr. Alvarado and Ms. Boswell. The district court in that order said Mr. McCoy is entitled to $1,035,000 in statutory fees. So because Mr. McCoy was given statutory fees, his claim upon which his lien was based literally just went away because he obtained the funds that he was seeking through the year. He says he's entitled to more, that he is entitled to part of the award. Well, Your Honor, I understand that is his argument. But if we go back to the issue of mootness, if we go back to the issue of jurisdiction, when a district court issued the statutory fee award, the question for this court is whether or not Mr. McCoy filed a notice of appeal of the district court's decision. He did not. So the district court at this time cannot consider whether or not that amount given by the district court to Mr. McCoy is sufficient. Thirty days is last, and no appeal was filed. But we can still consider the issue as to whether or not the district court properly interplayed the funds to resolve his lien on the settlement funds. That is correct, Your Honor. And I think that's the issue that he has before us. And that is the issue that we briefed in our briefing to the court. We do recognize that issues of jurisdiction can be raised and issues of mootness can be raised at any time. So he said the district court lacked personal jurisdiction over him, and so that's more or less a more merits-type issue. I guess the question I have looking at this record is there doesn't seem to be any doubt that the district court could award the attorney's fees, could make a determination about the attorney's fees, and he had jurisdiction for that purpose. And its ultimate award of the attorney's fees was or its ultimate award of the funds that FedEx had interplayed was to go to the plaintiffs, right, Alvarado and Boswell. And so I guess the district court had authority to do that regardless of whether it had personal jurisdiction over Mr. McCoy. Is that correct? Well, it's partially correct, Your Honor. If I can just back up a little bit. What the district court did was set a procedure because Mr. McCoy voluntarily came into the district court and said I want part of the fees that the Ninth Circuit has ordered Federal Express to pay. What the district court did was take 50 percent of that funds and set it aside to determine whether or not Mr. McCoy and others were entitled to that. That's all the district court did. The district court left aside, left a pot of money to distribute later. And so hence, that's why we have the question of whether or not the district court, whether or not this court has jurisdiction, because the funds were still there, the parties were still there. But at the end of the day, the district court said as to those funds, the only one who has a claim on it is the plaintiffs. Isn't that correct? Well, that is correct, Your Honor. What the district court said was the district court went through a very painstaking analysis of all of the work that Mr. McCoy did. The district court considered the work that he put into discovery, pleadings, those sorts of things, the time that he spent in trial. The district court went through a painstaking analysis and determined that this is the amount that Mr. McCoy is entitled to. The district court also said this is an amount that the former law partner, Mr. McCoy, is also entitled to. So Mr. McCoy's interest was protected not only in the interpleader process, but Mr. McCoy's interest was protected when the district court went through a comprehensive analysis and allowed Mr. McCoy to submit claims justifying why he was entitled to a particular amount of money for purposes of statutory fees. So if I can address the substance of the appeal, as the Court is aware, it is our position that Mr. McCoy absolutely subjected himself to the jurisdiction of the Court. Number one, he filed liens. Those liens were served on FedEx. Those liens were served on his client. Number two, Mr. McCoy took actual steps to notify the district court that he was all in favor of the interpleader process. And we cited from Mr. McCoy's own papers in which he said to the district court, the district court should grant the interpleader process and put steps in place that would allow me to have a hearing, et cetera, et cetera. And he did that in his own name? And he did that in his own name? And that was for Alvarado. I didn't see a similar notice or filing for Boswell. Does that matter, or did I miss it in the docket? The Court is absolutely correct. The note that he sent to the district court in which he said the district court should approve the interpleader process, he did not do the same for Boswell. The Boswell case came along a little bit later. What the district court did with respect to Boswell when this Court sent the matter back, what the district court did was issue an order for a case management conference for the parties to get together to work out a process by which Ms. Boswell would obtain the amounts of monies that this Court ordered. The district court held that. Mr. McCoy did not show. FedEx, I personally reached out to Mr. McCoy to try to find out, well, how much money do you want us to set aside for your portion for purposes of fees? Mr. McCoy never responded. He did respond in some of the pleadings later after the fact. And then we have the Court's order where the Court set aside 50 percent. So getting back to the mootness jurisdiction question, because we can't go past that if we agree with you on those two points that we couldn't reach the merits. Just trying to figure it out, Mr. McCoy did not appeal the district court's rulings on the disbursement of the funds. He only appealed the interpleader process itself, or the February 2004, I guess it was, 2011. That is correct, Your Honor. Is that correct? That is correct, Your Honor. And on the mootness, I don't want to cut the Court off, on the mootness issue, the district court in its order dated December 19, 2011, specifically district court docket number 1792, the district court dispersed the remaining 50 percent of the funds, which came up to a little over $400,000. But that doesn't make it moot, does it? Because if the district court was in error in disbursing those funds, then Mr. McCoy would still have a lien on them. Well, it may not make it moot, but the court doesn't have jurisdiction over that because Mr. McCoy never challenged that order. No notice of appeal was ever filed. Now, that was a final decision, dispersing all money that the district court had. Okay. So even if he didn't challenge the dispersal, he still challenged the lien part of it. So it wouldn't be moot because even if the district court dispersed the money, he could still enforce his lien against the money that's been dispersed. Well, Your Honor, his lien was satisfied because the district court issued the statutory fee order. Well, we can decide that. What order dissolved the lien? What order? And did he appeal that order? The order that essentially dissolved the lien, there are two orders that I would say dissolved the lien. And what I mean by dissolved the lien is compensate Mr. McCoy for the work that he did on behalf of Mr. Alvarado and Ms. Boswell. I think there are two orders. Number one, there's a December 19, 2011 order in which the district court dispersed the remaining 50 percent of the funds that the district court was holding. That order, Your Honor, was not appealed. The other order that pretty much did away with his lien was the statutory fee order in which the district court ran at Mr. McCoy. And that order was dated September 30, 2011, and that's the order in which the district court ran at Mr. McCoy $1,035,000 for the work he did on behalf of Alvarado and Boswell. And that order was not appealed. And there the court said that Mr. McCoy was not entitled to any contingent fees from Alvarado and Boswell. So that was the order which said, here you get your money on the statutory fees and you're not entitled to any money on the funds that FedEx had pledged. And that order was not appealed either. Is that correct? That is correct, Your Honor. And all the district court was doing was interpreting California state law as it pertains to the issues of quantum merit and those sorts of things. And so the district court essentially compensated Mr. McCoy in satisfaction of his liens, compensated Mr. McCoy for the work that he did on behalf of Mr. Alvarado and Boswell. Under California law, may a judge dissolve a lien by implication? Your Honor, I don't – I cannot think of any case law or statutory authority to answer your question. I just simply don't know the answer to that. Unless the court has any other questions. The only other thing is I noticed that in your brief you asked for attorney's fees for the filing of a frivolous appeal. Just for your information, we would need a separate motion to consider that. We don't consider that when it's dropped into a brief. So if you want to pursue that, you would have to file a separate motion. Thank you, Your Honor. Any questions? No questions. Thank you, counsel. Thank you. Thank you, Your Honor. All right. And again, I'm sorry that you traveled this far, but you did get an opportunity to represent your client. Well, and to the extent that the court has questions, I don't mind traveling. All right. Thank you. Thank you very much. Thank you. The case, as argued, is submitted for a decision by the court that completes our calendar for the week, and we are adjourned. All rise.
judges: Hug, Rawlinson, Ikuta